**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| IN RE: | Chapter 7 |
| ART VAN FURNITURE, LLC, et al., | Case No. 20-10553 (CSS) |
| Debtors. | (Jointly Administered) |
| ALFRED T. GIULIANO, in his capacity as Chapter 7 Trustee of Art Van Furniture, LLC, et al., | |
| Plaintiff, | |
| v. | Adv. No. 22-50190 (CSS) |
| E-B DISPLAY COMPANY, INC., | |
| Defendant. | |

## ANSWER TO COMPLAINT

Defendant, E-B Display Company, Inc. ("Defendant"), by and through its undersigned counsel, hereby Answers Plaintiff's Complaint for Avoidance and Recovery of Preferential Transfers Pursuant to 11 U.S.C. §§ 547 & 550 (the "Complaint") as follows:

### THE PARTIES

1. Defendant admits paragraph 1 of the Complaint.

2. Defendant admits paragraph 2 of the Complaint.

3. Defendant admits paragraph 3 of the Complaint.

### JURISDICTION AND VENUE

4. Defendant admits paragraph 4 of the Complaint.

1

5. Defendant admits paragraph 5 of the Complaint.

6. Defendant admits paragraph 6 of the Complaint and pursuant to Fed.R.Bankr.P. 7012 states that it consents to the entry of final orders or judgment by the bankruptcy court.

7. Defendant admits paragraph 7 of the Complaint.

### BASIS FOR RELIEF REQUESTED

8. Paragraph 8 of the Complaint states a legal conclusion concerning the nature of the claims and therefore does not necessitate a response. To the extent that Paragraph 8 contains and any factual allegations or requests for relief, Defendant denies the same.

### FACTS

9. Defendant is without sufficient knowledge as to form a belief as to the truth of the allegations in paragraph 9 of the Complaint and therefore denies the same.

10. Defendant admits that Art Van Furniture, LLC issued a payment in the amount of $455,000 to Defendant on December 6, 2019. Defendant denies the remaining allegations in paragraph 10 of the Complaint.

11. Defendant admits that Art Van Furniture, LLC issued a payment in the amount of $455,000 to Defendant on December 6, 2019. Defendant denies the remaining allegations in paragraph 11 of the Complaint.

12. Defendant admits that the Transfers are subject in whole or in part to the defenses under 11 U.S.C. § 547(c). Defendant denies the remaining allegations in paragraph 12 of the Complaint.

## FIRST CLAIM FOR RELIEF
### (Avoidance of Preferential Transfers – 11 U.S.C. § 547)

13. Defendant incorporates its answers to paragraphs 1 through 12 as if fully restated here.

14. Defendant admits that Art Van Furniture, LLC issued a payment in the amount of $455,000 to Defendant on December 6, 2019. Defendant denies the remaining allegations in paragraph 14 of the Complaint.

15. Defendant denies paragraph 15 of the Complaint for lack or want of knowledge.

16. Defendant denies paragraph 16 of the Complaint.

17. Defendant admits paragraph 17 of the Complaint.

18. Defendant denies paragraph 18 of the Complaint.

19. Defendant denies paragraph 19 of the Complaint.

20. Defendant denies paragraph 20 of the Complaint.

21. Defendant admits paragraph 21 of the Complaint.

22. Defendant denies paragraph 22 of the Complaint.

## SECOND CLAIM FOR RELIEF
### (For Recovery of Property – 11 U.S.C. § 550)

23. Defendant incorporates its answers to paragraphs 1 through 22 as if fully restated here.

24. Defendant denies paragraph 24 of the Complaint.

25. Defendant denies paragraph 25 of the Complaint.

26. Defendant denies any allegation in the Complaint not specifically admitted herein.

**AFFIRMATIVE DEFENSES**

1. Failure to state a claim upon which relief may be granted.

2. All elements of a prima facie case under 11 U.S.C. §§ 547 and 550 are not met.

3. At all relevant times, the Debtors were solvent.

4. The transfers alleged herein are excepted from avoidance as a contemporaneous exchange for new value under 11 U.S.C. § 547(c)(1).

5. The transfers alleged herein are excepted from avoidance and payments were made in the ordinary course of business or financial affairs of the Debtors under 11 U.S.C. § 547(c)(2).

6. Had the Transfers not been made, Defendant would not have received less value on its claim from the Debtors' estate.

7. The property transferred was not property of the Debtors estate by reason of the theory of constructive trust.

8. The transfers alleged herein are excepted from avoidance as after such transfers Defendant gave new value to or for the benefit of the Debtors under 11 U.S.C. § 547(c)(4).

9. The Debtors received reasonably equivalent value in exchange for the transfers alleged herein.

10. Defendant accepted all payments for value, in good faith and without knowledge of avoidability.

11. Defendant reserves the right to state additional defenses in the course of discovery and in accordance with the rules of this Court.

WHEREFORE, having fully answered, Defendant, E-B Display Company, Inc., asks that Plaintiff's requested relief be denied, that the case be dismissed and that the Court order such other relief as is just and proper.

Respectfully submitted,

*/s/ Jack Shrum*
"J" Jackson Shrum (DE #4757)
919 N. Market Street, Suite 1410
Wilmington, DE 19801
Telephone: (302) 543.7551
Fax: (302) 543.6386
jshrum@jshrumlaw.com


STARK & KNOLL CO., L.P.A.

/s/ *Richard P. Schroeter Jr.*
Lesley A. Weigand (Ohio No. 0066723)
*Admission Pro Hac Vice Pending*
Richard P. Schroeter Jr. (Ohio No. 0089026)
*Admission Pro Hac Vice Pending*
3475 Ridgewood Road
Akron, Ohio 44333
Ph: 330-376-3300
Fx: 330-376-6237
lweigand@stark-knoll.com
rschroeter@stark-knoll.com
***Attorneys for Defendant***

**CERTIFICATE OF SERVICE**

I certify that on March 31, 2022, a true and correct copy of the foregoing Answer to Verified Complaint was served via the court's Electronic Case Filing System on all parties.

    /s/ *Jack Shrum*
"J" Jackson Shrum (DE #4757)
919 N. Market Street, Suite 1410
Wilmington, DE  19801
Telephone: (302) 543.7551
Fax: (302) 543.6386
jshrum@jshrumlaw.com

***Attorney for Defendant***